## Case No. 11,244.

### POLAND v. MARYLAND COAL CO.

[S Ben. 347.] 1

District Court, S. D. New York. Jan., 1876.2

CHARTER PARTY—TIME OF VOYAGE.

A vessel was chartered for a series of voyages from Georgetown, D. C., to Weymouth, Mass., "from the 2d day of May, 1874, until the 1st day of November, 1874." She made several voyages under the charter and arrived at Georgetown on October 19th, when the master reported to the charterers' agent and demanded a cargo, which the agent refused to give under the charter, unless the master would agree to finish his trip before November 1st. This the master declined to do. By special agreement the agent gave him a cargo at a less rate of freight than that stated in the charter, without prejudice to the rights of either party. This cargo he carried, and he then filed this libel against the charterers, to recover the difference of freight. *Held*, that the master, under this charter, was not entitled to claim the cargo unless the voyage was to be completed before November 1st; and, as the master declined to agree to do this, the charterer was justified in refusing to furnish the cargo.

[This was a libel by Nathan W. Poland against the Maryland Coal Company for freight.]

Scudder & Carter, for libellant.
Alexander & Green, for respondents.

BLATCHFORD, District Judge. By the charter party made in this case, the vessel was chartered "for a series of voyages from Georgetown, D. C., to Weymouth, Mass., below all bridges, from the 2d day of May, 1874, until the 1st day of November, 1874." the charterers to have the "privilege of sending the vessel two trips to Boston in lieu of two to Weymouth, on the terms following." The charterers were to furnish to the vessel "a full and complete cargo of coal, under deck, each trip," and to pay for the use of the vessel during the voyage $2.65 per ton of 2,240 pounds, delivered at Weymouth; freight payable on delivery of cargo; if to Boston, $2.50 per ton. The vessel made one trip to Boston and four to Weymouth, with cargoes. Her trip to Boston occupied 11 days in May. Her trips to Weymouth from Georgetown occupied respectively 9 days in June, 11 days in July, and 10 days in August. One of her trips to Weymouth seems, by special agreement, to have been made from Baltimore. Leaving Weymouth, October 10th, she arrived at Georgetown October 19th. Her master reported that day at Georgetown, to the proper agent of the respondents, and demanded a cargo. It was refused, unless the master would agree to finish his trip before November 1st. He declined so to agree. Subsequently he took a cargo from the respondents for Boston, at the rate of $1.60 per ton, under a special arrangement that it should be without prejudice to the claims of either

party, under the charter party. This suit is brought to recover a freight of 90 cents a ton on 601 tons of coal, being the difference between the charter rate, $2.50, and the $1.60.

It clearly appears that the master contended, in his conferences with the agents of the respondents, that he was entitled to a cargo at the charter rate, provided he presented his vessel for such cargo before November 1st, and that the agents of the respondents contended that the charter rate applied only to cargoes which should be delivered before November 1st. I think the latter is the proper interpretation of the charter party. The hiring of the vessel is for the voyage as a whole, from Georgetown to Weymouth or Boston, with the cargo, and the freight is payable only on delivery of the cargo at the place of destination. No provision is made for freight pro rata itineris. As the master expressly declined to agree to complete the trip before November 1st, the respondents were justified in declining to give him a cargo under the charter party. The libel is dismissed, with costs.

[On appeal to the circuit court, the decree of this court was affirmed. Case No. 11,245.]